No. 2907

Second Circuit

CAMPBELL  v.  WISE

(February 24, 1927.  Opinion and Decree.)
(April 8, 1927.  Rehearing Refused.)

(*Syllabus by the Editor*)

ON MOTION TO DISMISS APPEAL

1. Louisiana    Digest—Courts—Par.    123, 164.

Where an intervention is clearly a distinct proceeding to obtain a settlement from the defendant and his wife of $3000.00, the Court of Appeal being without jurisdiction will transfer the case to the Supreme Court under the provisions of Act No. 19 of 1912.

Appeal from the Second Judicial District Court of Louisiana, Parish of Bienville. Hon. John S. Richardson, Judge.

Action by W. O. Campbell against W. H. Wise.

There was judgment for plaintiff and intervenors appealed.

Case transferred to Supreme Court.

J. Rush Wimberly; George M. Wallace, of Arcadia, attorneys for plaintiff, appellee.

Goff & Barnette, of Arcadia, attorneys for intervenors, appellants.

WEBB, J.  W. O. Campbell, the holder and owner of a note drawn by W. H. Wise, representing a part of the purchase price of lands purchased by Wise and secured by mortgage and vendor's privilege on the property purchased, proceeded via executiva to enforce payment.

Following the seizure of the property and just prior to the sale, Mrs. Ida Snider Wilson and others filed a petition, which was given the same number as the proceeding via executiva, alleging that they were the children of Mrs. W. H. Wise by a former marriage and that their mother had been recognized and qualified as their natural tutrix, and that following her marriage to W. H. Wise she had been retained as tutrix and W. H. Wise had been recognized as co-tutor; that each had taken the oath but had failed to inscribe on the mortgage records any extract of inventory or to give bond, and that petitioners had a claim against Mrs. W. H. Wise and W. H. Wise resulting from the tutorship and a mortgage on the property seized under executory process next in rank to

that of W. O. Campbell to secure the indebtedness due them by their mother, tutrix, and co-tutor, W. H. Wise.

They further alleged that there was an action pending between their mother and W. H. Wise for separation from bed and board, and that W. H. Wise was insolvent, and that on settlement of the tutorship their mother and W. H. Wise will be found to be indebted to them in the sum of three thousand dollars.

They prayed for service on J. E. Currie, sheriff; W. O. Campbell, the seizing creditor; W. H. Wise and Mrs. W. H. Wise, and after due proceedings for judgment ordering W. H. Wise and Mrs. W. H. Wise to file an account in the tutorship proceedings and for judgment against Mr. and Mrs. W. H. Wise in solido in the sum of three thousand dollars and with recognition of their legal mortgage on the property seized and the proceeds of the sale.

They further prayed for an order directing the sheriff to hold the proceeds of the sale to be made under the process via executiva, less the amount due Campbell, together with interest and costs, and subject to the further orders of the court, and for all orders and decrees necessary and for general relief.

An order was issued to the sheriff in accordance with the prayer of the petition, and following this order W. H. Wise filed a petition in which he set forth that the property seized had been sold and that the sheriff was holding the proceeds of the sale, less the amount due Campbell, together with interest and costs, under the order of the court, and prayed that he be allowed to bond the proceeds, and obtained an order permitting him to bond; whereupon Mrs. Snider and her co-plaintiffs applied for and obtained a suspensive appeal from the order permitting W. H. Wise to bond the proceeds of the sale, less the amount due the plaintiff, W. O. Campbell, and W. H. Wise moves to dismiss the appeal, urging here that the order granting him the right to bond was an interlocutory decree from which an appeal could not be taken.

## OPINION

The pleadings clearly show that W. O. Campbell has received the amount due him and that he has not any further interest in the matter, and the proceeding via executiva insofar as Campbell and Wise are concerned has been concluded, and although Mrs. Ida Snider Wilson, et als., style themselves intervenors and third opponents, and their action took the same number as the proceeding via executiva, their action is clearly distinct from such proceeding and is in fact simply an action against Mr. and Mrs. W. H. Wise to obtain a settlement of the amount due by them as tutrix and co-tutor, which is alleged to be three thousand dollars, and the order granting W. H. Wise the right to bond was taken in that action, of which this court is without jurisdiction.

It is therefore ordered, under the provisions of Act No. 19 of 1912, that the case be transferred to the Supreme Court.